IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ELIZABETH SUSAN ANDERSON,       )
                                )
            Plaintiff,          )
                                )
    vs.                         )   Civil Action No.  1:18-204
                                )
ANDREW M. SAUL, Commissioner of )
Social Security,[1]             )
                                )
            Defendant.          )
                                )

AMBROSE, Senior District Judge

## OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. [ECF Nos. 8, 11]. Both parties have filed Briefs in Support of their Motions. [ECF Nos. 9, 12]. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment and denying Defendant's Motion for Summary Judgment. The case is remanded to the Commissioner for further proceedings consistent with the Opinion that follows.

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 18, 2019, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

1

Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"). On or about February 3, 2014, Plaintiff applied for DIB. [ECF No. 6-2, at 17]. In her application, she alleged that since July 15, 2011, she had been disabled due to chronic fatigue syndrome/CFIDS, headaches, and Hashimoto's Disease. [ECF Nos. 6-6 (Ex. 1D), 6-7 (Ex. 2E)]. Her date last insured is December 31, 2016. [ECF No. 6-2, at 19].[2] The state agency denied her claims initially, and she requested an administrative hearing. Administrative Law Judge ("ALJ") Sharon Seeley held a hearing on April 24, 2017, at which Plaintiff was represented by counsel. [ECF No. 6-2, at 29-55]. Plaintiff appeared at the hearing and testified on her own behalf. Id. A vocational expert was available but did not testify at the hearing. Id. at 17. In a decision dated July 10, 2017, the ALJ found that Plaintiff did not have a severe impairment or combination of impairments and, therefore, was not disabled under the Act. Id. at 18-24. Plaintiff requested review of the ALJ's determination by the Appeals Council, and, on June 4, 2018, the Appeals Council denied Plaintiff's request for review. Id. at 1-4. Having exhausted all of her administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. [ECF Nos. 8, 11]. The issues are now ripe for my review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Regardless of "the meaning of 'substantial' in other contexts, the threshold for such

---

[2] To receive DIB, Plaintiff must establish that she became disabled prior to December 31, 2016, the date on which her insured status expired, or "date last insured." 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B); 20 C.F.R. § 404.131(a).

evidentiary sufficiency is not high." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (U.S. 2019). Substantial evidence has been defined as "more than a mere scintilla." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek, 139 S. Ct. at 1154. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the

3

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that she is unable to return to her previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

**B. WHETHER THE ALJ ERRED IN CONCLUDING THAT PLAINTIFF'S IMPAIRMENTS WERE NON-SEVERE**

Plaintiff argues that the ALJ erred at step two of the sequential evaluation process in determining that she did not have any severe impairments or combination of impairments. [ECF No. 9, at 4-17]. The step-two inquiry into an impairment's severity "is a *de minimis* screening device to dispose of groundless claims." Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003). As set forth in 20 C.F.R. § 404.1522(a), an impairment or combination of impairments is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities. The regulations define basic work activities as the abilities or aptitudes necessary to do most jobs, including mental activities such as understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. § 404.1522(b). Thus, an impairment is not severe if the evidence establishes only a slight

abnormality that has no more than a minimal effect on an individual's ability to work. Newell, 347 F.3d at 546; Mays v. Barnhart, 78 F. App'x 808, 811 (3d Cir. 2003); S.S.R. 85-28. Any doubt as to whether the step-two showing has been made must be resolved in favor of the claimant. Newell, 347 F.3d at 546-47; see also McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 361 (3d Cir. 2004) (noting that "because step two is to be rarely utilized as basis for the denial of benefits . . . , its invocation is certain to raise a judicial eyebrow"). Although the Court of Appeals for the Third Circuit has commented that the Commissioner's determination to deny an applicant's request for benefits at step two should be reviewed with close scrutiny, it also has made clear that it does not suggest that a reviewing court apply a more stringent standard of review in such cases. McCrea, 370 F.3d at 360. Rather, "[t]he Commissioner's denial at step two, like one made at any other step in the sequential analysis, is to be upheld if supported by substantial evidence on the record as a whole." Id. at 360-61.

In her opinion, the ALJ concluded that Plaintiff had the following medically determinable impairments: Hashimoto's disease (a thyroid impairment) and obesity. [ECF No. 6-2, at 19]. She subsequently found, however, that Plaintiff's impairments did not significantly limit her ability to perform basic work-related activities for 12 consecutive months and, therefore, were non-severe as defined in the applicable regulations. Id. at 19-24. Because the ALJ did not find any severe impairments, she did not proceed to the subsequent steps of the disability analysis.

Plaintiff's argument challenging the ALJ's step two finding is three-fold: (1) she contests the ALJ's treatment of the consultative examiner's opinion; (2) she argues that the ALJ impermissibly substituted her lay opinion for that of the treating and examining experts; and (3) she contends that the ALJ's credibility assessment was deficient and that she erroneously failed to consider her stellar work history. [ECF No. 9]. For the reasons set forth below, I agree in

5

part.

As an initial matter, I note that, although Plaintiff's brief focuses primarily on the question of severity, the ALJ only reached this question with respect to two of her alleged impairments – Hashimoto's disease and obesity. As to Plaintiff's other alleged conditions, including chronic fatigue syndrome and fibromyalgia, the ALJ found that they were not medically determinable impairments within the meaning of the Act. [ECF No. 6-2]. Before considering severity, an ALJ must first establish that a claimant's alleged ailments are medically determinable impairments. See 20 C.F.R. § 404.1521.[3] A medically determinable impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques . . . [and] must be established by objective medical evidence." Id. A mere diagnosis or subjective statement of symptoms alone is insufficient to demonstrate a medically determinable impairment for social security purposes. Id.; see also S.S.R. 14-1p; S.S.R. 12-2p.

As such, the threshold question, at least as to Plaintiff's fibromyalgia and chronic fatigue syndrome, is not as Plaintiff suggests whether the conditions are severe, but whether they are medically determinable. Nevertheless, I find that the ALJ failed to evaluate the medical determinability of Plaintiff's alleged chronic fatigue syndrome sufficiently enough to permit meaningful review. In the case of fibromyalgia and chronic fatigue syndrome, the Social Security Administration has issued specific policy rulings to provide guidance on establishing a medically determinable impairment. See S.S.R. 14-1p (chronic fatigue syndrome); S.S.R. 12-2p

---

[3] Effective March 27, 2017, 20 C.F.R. § 404.1521 replaced 20 C.F.R. § 404.1508 as the regulation addressing the criteria needed to establish a medically determinable impairment. See 20 C.F.R. § 404.1521; see also 81 Fed. Reg. 62560-01, 2016 WL 4702272. This effective date occurred after Plaintiff filed her claim, but before the administrative hearing. There are no material differences between the two versions of the regulation that affect my analysis with respect to Plaintiff's appeal.

6

(fibromyalgia). In her opinion, the ALJ cited both of these rulings in the context of her analysis. [ECF No. 6-2, at 21]. Although the ALJ then proceeded to provide a thorough multi-page explanation of Plaintiff's alleged fibromyalgia pursuant to S.S.R. 12-2p, she neglected to perform a similar analysis of chronic fatigue syndrome under S.S.R. 14-1p beyond a mere citation to the ruling and commentary about the inefficacy of Plaintiff's representative at the hearing. Id.

Although there is no magic language the ALJ is required to employ, her failure to elaborate on S.S.R. 14-1p or its application to Plaintiff's case is concerning, especially given ruling 14-1p's admonition that research into the etiology and manifestations of CFS is ongoing, there is no definitive laboratory test to establish the existence of CFS, and the list of acceptable medical signs and laboratory findings is not all-inclusive. While I agree with the ALJ that the medical records are decidedly sparse in this case, I disagree with her that the records fail to reflect a CFS diagnosis and at least some discussion of Plaintiff's symptoms and clinical findings regarding the same. See, e.g., ECF No. 5F, 6F, 8F, 11F. The ALJ's lack of discussion in this regard prevents me from knowing whether she considered and rejected Plaintiff's CFS complaints based on a reasoned application of Ruling 14-1p and proper evaluation of the record evidence, or if she simply dismissed Plaintiff's complaints out of hand. Accordingly, I agree that remand is necessary on this issue. In so ruling, I make no finding that Plaintiff's alleged CFS or other alleged impairments are medically determinable impairments and/or that they are severe impairments within the meaning of the regulations. I simply find that I am unable to discern the ALJ's reasoning in this regard without engaging in improper speculation.

Next, and more significantly, I agree with Plaintiff that the ALJ's consideration of consultative examiner, Ted Woods's opinion, also necessitates remand. As both parties indicate, the ALJ gave the June 16, 2014 opinion of CE Dr. Woods great weight. [ECF NO. 6-2,

at 22-23 (citing Ex. 7F)]. Dr. Woods's medical source statement and accompanying narrative regarding Plaintiff documented few physical limitations and showed few if any restrictions on her range of motion, use of hands and feet, ability to stand and walk for a total of eight hours, postural activities, daily activities, or environmental exposure, and the ALJ cited the opinion as evidence in support of her finding that Plaintiff did not have a severe impairment. [ECF No. 6-8 (Ex. 7F)]. As Plaintiff notes, however, Dr. Woods's opinion also contains a lifting restriction of 21-100 pounds only occasionally (up to 1/3 of the time) and 11-20 pounds frequently (1/3-2/3 of the time); as well as a carrying restriction of 21-100 pounds only occasionally. Id. Despite the fact that the regulations expressly list lifting as a basic work activity, the ALJ did not address Dr. Woods's lifting restriction or explain why the restriction would have no more than a minimal effect on Plaintiff's ability to work for purposes of the step two severity analysis. Although the remainder of Dr. Woods's report is undeniably non-restrictive, I cannot ignore the lifting/carrying restriction in this instance or hold that the failure to discuss it is harmless error, especially where, as here, the ALJ did not make any findings past step two of the disability analysis and Plaintiff represents that the restriction, if accepted, would preclude her from performing her past relevant work as an order inspector/packer because the job required her to lift fifty or more pounds on a frequent basis. [ECF No. 9, at 7]. Plaintiff also represents that the lifting and carrying restrictions would restrict Plaintiff to, at most, light work which would direct a finding of disabled under the grid rules. See id.

It is not my place to decide these issues in the first instance, so I make no determination as to Plaintiff's ability to perform her past relevant work and/or any other substantial gainful activity in the economy. However, given the *de minimis* step two threshold coupled with the question marks outlined above and the courts' admonition that any doubts as to whether the step-two

showing has been made must be resolved in favor of the claimant, I am constrained to order remand in this case. See, e.g., S.S.R. 85-28 (noting that even where medical evidence establishes only slight abnormalities, but evidence shows that the person cannot perform his or her past relevant work, a denial at the "not severe" stage is inappropriate and that further evaluation of the claimant's ability to do other work considering age, education, and work experience is necessary).

Defendant's argument in opposition to this point is unhelpful and unpersuasive. Specifically, Defendant notes that the ALJ can give a medical opinion great weight without being required to adopt the opinion's findings in their entirety. [ECF No. 12, at 7-8]. Although this statement is true as a general concept, there is no indication that the ALJ rejected or otherwise chose not to adopt Dr. Woods's lifting/carrying restrictions in this case. To the contrary, the ALJ specifically reiterated the lifting and carrying restrictions in her opinion. [ECF No. 6-2, at 22-23 (citing Ex. 7F)]. The case to which Defendant cites in support of his point is likewise unhelpful because it relates to the incorporation of limitations into a hypothetical question to the vocational expert, a benefit that Plaintiff was not afforded in this case. On remand, the ALJ is free to accept Dr. Woods's opinion whole-cloth, or she may reject any or all of the opinion provided that she give an appropriate explanation. I simply cannot speculate as to the ALJ's intentions in this regard based on the record before me.[4]

### III. **CONCLUSION**

Under the Social Security regulations, a federal district court reviewing the decision of the Commissioner denying benefits has three options. It may affirm the decision, reverse the

---

[4] In light of the above ruling, I need not consider Plaintiff's argument that the ALJ failed to consider her work history. On remand, the ALJ may consider this and any other relevant information as appropriate. I make no findings as to the import of Plaintiff's work history to the issues in this case.

decision and award benefits directly to a claimant, or remand the matter to the Commissioner for further consideration. 42 U.S.C. § 405(g) (sentence four). In light of an objective review of all evidence contained in the record, I find that the ALJ's decision is not supported by substantial evidence because, in discussing her RFC findings, the ALJ failed to adequately address Plaintiff's impairments and the relevant medical opinions at step two of her analysis. The case therefore is remanded for further consideration in light of this Opinion. In remanding on the points herein, I make no findings as to whether Plaintiff is or is not disabled. Indeed, had this case proceeded past step two of the analysis, it is quite plausible that my ruling here would have been very different. I cannot speculate, however, based on facts not before me, and I cannot properly evaluate the ALJ's opinion on the record as it stands. For these and all of the above reasons, Plaintiff's Motion for Summary Judgment is granted to the extent set forth herein, and Defendant's Motion for Summary Judgment is denied to that same extent. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ELIZABETH SUSAN ANDERSON,)
)
Plaintiff,)
)
vs.)   Civil Action No.   1:18-204
)
ANDREW M. SAUL, Commissioner of)
Social Security,[1])
)
Defendant.)
)
)

AMBROSE, Senior District Judge

**ORDER OF COURT**

AND NOW, this 25th day of September, 2019, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Plaintiff's Motion for Summary Judgment [ECF No. 8] is GRANTED to the extent that Plaintiff seeks remand for further consideration and the matter is REMANDED to the Commissioner for further proceedings consistent with the Opinion attached hereto.   Defendant's Motion for Summary Judgment [ECF No. 11] is DENIED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Judge

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 18, 2019, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).